CYRUS H. MCCORMICK, HAROLD F. MCCORMICK, STANLEY MCCORMICK, TRUSTEES SOMETIMES KNOWN AS CHICAGO STOCK EXCHANGE BUILDING TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44139.   Promulgated October 11, 1932.

*Edward Clifford, Esq.,* and *A. E. James, Esq.,* for the petitioners.
*H. D. Thomas, Esq.,* for the respondent.

1174

OPINION.

VAN FOSSAN: The question here presented is whether or not petitioning taxpayers constituted an association, taxable as a corporation. In considering this question we must look to the form and purpose of the organization structure and the actual functioning of the organization during the taxable years.

An association is an unchartered organization employing the characteristics, form and procedure of a corporation in the prosecution of a business enterprise.

Here we find a trust charged with the management of a commercial office building. The creating deed denominated three trustees and gave them almost unlimited powers.

In actual fact, however, the three trustees had nothing more to do with the management of the building than had they been strangers to the matter. They never met as trustees. No minutes were kept by them or on their behalf. They had no separate books and records as trustees; no communications were ever sent or exchanged officially among themselves; they had no employees as trustees and to all practical ends completely ignored the trust relationship.

The property involved was one of some thirty similar properties owned by or on behalf of the several heirs of Cyrus H. McCormick, Sr., collectively known as the McCormick Estates. These properties were all managed by one office, directed by one Judson F. Stone. Stone held an unlimited power of attorney from the various heirs and dealt with the properties as fully as though individually owned by him. The heirs were seldom consulted and then only on matters of important policies. As funds became available for distribution they were placed to the credit of the respective heirs.

The property covered by the trust here involved was managed by Stone precisely as all other properties constituting the McCormick Estates—no distinction whatever being made in any respect because of the trust. No salary was paid to Stone or any of his office force by the trust, as such.

1178

In this state of facts we see no resemblance to corporate operation. The trust was merely a shadow without substance and vitality. Respondent erred in holding the trust to be an association, taxable as a corporation.

Reviewed by the Board.

*Decision will be entered for the petitioners.*